UNITED STATES of America,
Appellee,

v.

**Charles Henry KLISSER,**
**Defendant–Appellant.**

No. 98–1642.

United States Court of Appeals,
Second Circuit.

Argued Aug. 13, 1999.

Decided Aug. 24, 1999.

James H. Pasto, San Diego, CA, for Defendant–Appellant.

Bridget Rohde, Assistant United States Attorney for the Eastern District of New York (Zachary W. Carter, United States Attorney, and David C. James and David Hennessy, Assistant United States Attorneys, of counsel), for Appellee.

Before: CALABRESI, CABRANES, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

This appeal presents the question of whether the offense-level calculation under United States Sentencing Guidelines § 2F1.1 [1] may be based on intended loss even if no actual loss was possible because the defendant was caught in an undercover sting operation. Appellant Charles Henry Klisser urges us to adopt the interpretation of the United States Court of Appeals for the Tenth Circuit, which held in *United States v. Galbraith*, 20 F.3d 1054 (10th Cir.1994), that a zero loss figure must be used in such circumstances. *Id.* at 1059. We join the several other courts of appeals that have rejected *Galbraith* and hold that impossibility of actual loss does not require use of a zero loss figure. Accordingly, we affirm the sentence imposed by the United States District Court for the Eastern District of New York (Reena Raggi, *Judge* ).

I

Klisser was convicted of wire fraud, in violation of 18 U.S.C. § 1343 (1994). The evidence at trial showed that Klisser offered an investment opportunity to an acquaintance who, unbeknownst to Klisser,

was cooperating with the government. The acquaintance then introduced an undercover agent to Klisser, who was told that the agent was a pension fund accountant. Klisser was led to believe that the "accountant" planned to misappropriate ten million dollars from the pension fund, make a short-term investment, and then return the ten million dollars to the fund while retaining the profits from the investment. Under the government's theory of the case, the investment opportunity proposed by Klisser was a sham, through which he intended to defraud the fictitious pension fund accountant (and, ultimately, the fictitious pension fund) of the entire ten-million-dollar "investment."

At sentencing, the Guidelines offense level was calculated pursuant to U.S.S.G. § 2F1.1, which applies to offenses involving fraud or deceit, and which prescribes offense level enhancements based on, *inter alia,* the amount of "the loss." *Id.* § 2F1.1(b)(1). Klisser urged the District Court to use a zero loss figure on the ground that, because this had been a sting operation with a fictitious victim, no loss had ever been possible. The court determined that neither a zero loss figure nor a ten-million-dollar loss figure would accurately reflect Klisser's degree of culpability. In reaching this conclusion, the court stated that Klisser "was certainly prepared to take the money as quickly as anyone could put it into his hands," but the court also "recognize[d] that in these undercover dealings the Government does have some control over what it offers." Ultimately, the court applied a 12–level enhancement, which corresponded to a loss of more than $1,500,000. *See id.* § 2F1.1(b)(1)(M). The court explained that, from the evidence of Klisser's conversations with the cooperating witness and undercover agents, "it was apparent . . . that Mr. Klisser was attempting to deal in several million dollars."

1. The defendant-appellant in this case was sentenced on October 30, 1998. Certain amendments to § 2F1.1 went into effect on November 1, 1998. *See United States Sen-* *tencing Commission Guidelines Manual* App. C, amends. 577, 587 (Supp. Nov. 1, 1998). We note that these amendments do not bear upon the question presented by this appeal.

Based on this offense level increase and other Guidelines calculations, the District Court determined that the applicable sentencing range was 33 to 41 months of imprisonment. After concluding that a downward departure based on family circumstances was warranted, the court sentenced Klisser principally to 24 months of imprisonment, three years of supervised release, and a $7,500 fine. Judgment was entered accordingly, and this appeal followed.

## II

On appeal, Klisser does not challenge the specific amount of loss which the District Court found that he intended fraudulently to cause. Instead, Klisser challenges his sentence only on the ground that the court erred in refusing to use a zero loss figure based on the impossibility of actual loss.[2] Klisser relies primarily on *Galbraith,* in which the Tenth Circuit concluded:

> Because this was an undercover sting operation which was structured to sell stock to a pension fund that did not exist, defendant could not have occasioned any loss even if the scheme had been completed. We conclude the intended or probable loss was zero.

20 F.3d at 1059 (internal footnote omitted); *see also United States v. Watkins,* 994 F.2d 1192, 1196 (6th Cir.1993) ("[I]ntended loss must have been possible to be deemed relevant.").

█ We have distinguished *Galbraith,* but have neither accepted nor rejected its holding. *See United States v. Falcioni,* 45 F.3d 24, 27 (2d Cir.1995) (distinguishing *Galbraith* where the defendant's plan

could have resulted in loss if the target of the bribe had accepted the payment instead of notifying law enforcement authorities). Several other courts of appeals, however, have explicitly rejected *Galbraith* and held that impossibility of actual loss—such as where the defendant is caught in a sting operation—does not require use of a zero loss figure. *See United States v. Schlei,* 122 F.3d 944, 996 (11th Cir.1997); *United States v. Studevent,* 116 F.3d 1559, 1561–64 (D.C.Cir.1997); *United States v. Robinson,* 94 F.3d 1325, 1327–29 (9th Cir. 1996); *United States v. Coffman,* 94 F.3d 330, 336–37 (7th Cir.1996); *cf. United States v. Ismoila,* 100 F.3d 380, 396 (5th Cir.1996) (following the holding in *Robinson* and concluding that the risk of loss to victims is not dispositive in calculating loss under § 2F1.1). We agree with the reasoning of these courts, especially the reasoning stated by the District of Columbia Circuit in *Studevent.*[3] Accordingly, we decline to adopt the *Galbraith* interpretation, and we hold that the District Court properly based Klisser's offense-level calculation on intended loss, as opposed to a zero loss figure.

The judgment of the District Court is affirmed.

---

2. Klisser raises other arguments that implicate the validity of his conviction but not his sentence. We reject those arguments in a separate summary order filed today.

3. Klisser argues that cases such as *Studevent* are distinguishable in that, while the defendant was caught in a sting operation, the victim was not a fictional entity. Nevertheless, the holding and reasoning of *Studevent* clearly apply to sting operations with nonexistent victims. *See Studevent,* 116 F.3d at 1563 n. 3.